UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 73.134.241.237, <br><br> Defendant. | Civil Action No. 25-626 (TSC/GMH) |

### MEMORANDUM OPINION

Before the Court is Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. For the reasons stated herein, the motion is granted.

### I.   BACKGROUND

Strike 3 Holdings, LLC ("Plaintiff") owns the copyrights to certain adult-content motion pictures involved in this action. ECF No. 3, ¶ 52. Plaintiff has filed suit under the Copyright Act, 17 U.S.C. § 101, *et seq.*, against Defendant John Doe, alleging that Defendant is "committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others" and has "been recorded infringing 24 movies over an extended period of time." ECF No. 3, ¶¶ 4–6. Plaintiff seeks (1) to enjoin Defendant from "continuing to infringe Plaintiff's copyrighted Works"; (2) an "[o]rder that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control"; (3) an "[o]rder that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control"; (4) statutory damages pursuant to 17 U.S.C. § 504(a) and (c); (5)

reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and (6) "any other and further relief this Court deems just and proper." ECF No. 3, ¶ 56.

Defendant's identity is unknown. ECF No. 3, ¶¶ 5, 12. Plaintiff is currently only able to identify Defendant by their IP address: 73.134.241.237. *Id.* This IP address is assigned to Defendant by their Internet Service Provider ("ISP"), and Plaintiff contends that Defendant's ISP is the only party with the information necessary to identify Defendant by correlating the IP address with Defendant's identity. ECF No. 5 at 2. Thus, Plaintiff seeks leave to serve a Rule 45 third-party subpoena on Defendant's ISP, Comcast Cable, that would require the ISP to disclose Defendant's true name and address. *Id.* at 3. Because Defendant has not been named or served, no response has been filed to Plaintiff's motion.

## II.     LEGAL STANDARD

Ordinarily, a party "may not seek discovery from any source" before a Rule 26(f) conference unless "authorized by . . . a court order." Fed. R. Civ. P. 26(d)(1). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint . . . without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (alteration in original) (quoting *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014)). The district court's discretion to order discovery is restricted by Rule 26(b)'s general limitations on the scope of discovery. *Id.* Under Rule 26(b), a party may obtain discovery of nonprivileged materials only so long as the materials are "relevant to any party's claim or defense and proportional to the needs of the case." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). Courts are to conduct the proportionality analysis by considering factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

2

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[1]

### III. DISCUSSION

#### A. The Proposed Discovery is Both Relevant and Proportional to Strike 3's Copyright Infringement Claims.

"[U]nder the broad sweep of Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party 'may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved.'" *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (some internal quotation marks omitted) (quoting *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1348–49 (D.C. Cir. 1984)). "When addressing proportionality, courts must consider six factors: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[N]o single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional." *Oxbow Carbon & Minerals*, 322 F.R.D. at 6 (quoting *Williams v. BASF Catalysts, LLC*, No. 11-cv-1754, 2017 WL 3317295, at *4 (D.N.J. Aug. 3, 2017)). However, "the amendments to Rule 26(b) do not alter the

---

[1] Prior to 2015, Rule 26(b) included a "good cause" standard for court-ordered discovery. *See* Fed. R. Civ. P. 26(b)(1) (2015) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *see Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014) ("To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a 'good cause' standard."). The 2015 amendments to the Rules replaced Rule 26(b)'s good cause requirement with the relevance and proportionality standard detailed above. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. While the D.C. Circuit declined to address whether the "'good cause' standard continues to apply under the current version of Rule 26," other judges in this district have decided to evaluate these requests under the relevance and proportionality analysis. *Strike 3 Holdings*, 964 F.3d at 1209 n.2 (D.C. Cir. 2020); *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-2861, 2023 WL 6847017, at *2 (D.D.C. Oct. 17, 2023) (Meriweather, J.) ("Given that Rule 26 does not currently incorporate a good cause standard, the Court will evaluate Strike 3's Motion by assessing the relevance and proportionality of the proposed discovery." (footnote omitted)); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1455, 2023 WL 4581650, at *2 (D.D.C. July 18, 2023) (Meriweather, J.) (similar); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-1455, 2023 WL 4581650, at *2 (D.D.C. July 18, 2023) (Kollar-Kotelly, J.) (similar); *Goodwin v. District of Columbia*, No. 21-cv-806, 2021 WL 1978795, at *3 (D.D.C. May 18, 2021) (Howell, C.J.) (similar).

basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that . . . a discovery request would impose an undue burden or expense or is otherwise objectionable." *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

      1.     Relevance

The information Plaintiff seeks in early discovery is plainly relevant to Plaintiff's underlying claims. It requests to serve a Rule 45 subpoena on Defendant's ISP for the sole purpose of determining Defendant's true names and address so that Plaintiff might use this information to "investigate Defendant's role in the infringement" and "effectuate service." ECF No. 5 at 2. "It is well established that plaintiffs are permitted to proceed against John Doe defendants so long as discovery can be expected to uncover the defendant's identity." *Strike 3*, 964 F.3d at 1210. Plaintiff is unable to prosecute its claims without knowing the identity of the alleged infringer; thus, "the information it seeks to obtain from [Comcast Cable] clearly 'bears directly on,' and is relevant to" Plaintiff's claim. *Strike 3 Holdings, LLC v. Doe*, No. 24-cv-1582, 2024 WL 3638347, at *2 (D.D.C. Aug. 2, 2024) (quoting *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-663, 2023 WL 1861077, at *3 (D.D.C. Feb. 9, 2023)). While there is the possibility that the subscriber in this case is not the infringer, Plaintiff's burden at this stage is only to demonstrate that "learning the subscriber's identity may help it identify the infringer." *Id.* (quoting *Strike 3*, 2023 WL 1861077, at *3); *see also Strike 3*, 964 F.3d at 1210 ("At this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place."). Plaintiff has satisfied that burden here by using their infringement detection system and Maxmind Inc.'s geolocation technology to tie a single IP address, traced to a physical address in the District of Columbia, to multiple instances of infringement on Plaintiff's Works. ECF No. 5 at 2; ECF No.

3, ¶ 9; *see Strike 3*, 964 F.3d at 1210 ("Based on these allegations, a court could reasonably infer that someone with prolonged, continuous access to this IP address was responsible for the alleged infringement. Viewing the allegations in the light most favorable to Strike 3, we think it at least plausible that the registered IP address subscriber 'actually did the infringing.'" (quoting *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 164 (D.D.C. 2018))).

Furthermore, Plaintiff has established a good faith belief that the infringer will be subject to the Court's personal jurisdiction. Absent such a showing, "there is little reason to believe that the information sought will be 'relevant to the subject matter involved in the action,'" because "[t]he identity of prospective defendants who cannot properly be sued in this district can be of little use in a lawsuit brought in this district."[2] *AF Holdings*, 752 F.3d at 995 (quoting Fed. R. Civ. P. 26(b)(1)). Because the Copyright Act "does not provide for the exercise of personal jurisdiction over alleged infringers on any basis," this Court's personal jurisdiction over Defendant depends "on the reach of District of Columbia law." *Malibu Media LLC v. Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016); *see also* Fed. R. Civ. P. 4(k)(1)(A). Under D.C. law, a court has personal jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief" and a D.C. court may exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." D.C. Code §§ 13-422, 13-423(a)(3); *see also Nu Image, Inc. v. Does 1-23*, 322, 799 F. Supp. 2d 34, 38 n.3 (D.D.C. 2011) (noting that it is "well settled in this jurisdiction that a claim for copyright infringement sounds in tort"). Therefore, this Court has

---

[2] Courts applying the good cause standard described this as a threshold issue that plaintiffs must prove before the Court determined whether to allow expedited discovery. *See AF Holdings*, 752 F.3d at 996. As that showing was tied to establishing the relevance of the proposed discovery, the Court addresses personal jurisdiction as part of the Rule 26(b) analysis, instead of as a separate threshold showing. *Strike 3*, 2023 WL 6847017, at *3.

personal jurisdiction over a defendant who is a "resident[] of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996.

The D.C. Circuit has recognized that "geolocation services" provide a reliable means to "estimate the location of Internet users based on their IP addresses." *AF Holdings*, 752 F.3d at 996; *see also Strike 3*, 964 F.3d at 1211. Plaintiff, using Maxmind Inc.'s geolocation technology, has traced Defendant's known IP address to a physical address in the District of Columbia. ECF No. 3, ¶ 9. Thus, Plaintiff has established "a good faith belief that the Court has personal jurisdiction over the subscriber of the IP address." *Strike 3*, 2024 WL 3638347, at *3 (quoting *Strike 3*, 2023 WL 1861077, at *4); *see Malibu Media*, 2016 WL 1698263, at *2 (finding that an IP address "suffices to 'provide at least some basis for determining whether a particular subscriber might live in the District of Columbia'" and that using an IP address "is sufficient to demonstrate a good faith belief that the court has personal jurisdiction over the defendant." (quoting *AF Holdings*, 752 F.3d at 996)). Thus, Plaintiff's motion satisfies the relevancy requirement.

    2.    Proportionality

Plaintiff's request for discovery is also "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As noted, whether discovery is proportional to the needs of the case is determined through consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

The first factor—"the importance of the issues at stake"—weighs strongly in favor of Plaintiff. To determine the "importance of issues" in the proportionality analysis, courts must consider "the significance of the substantive issues [at stake in the litigation], as measured in philosophic, social, or institutional terms." *Oxbow*, 322 F.R.D. at 7 (some internal quotation marks

6

omitted) (alteration in original) (quoting *Arrow Enter. Computing Solutions, Inc. v. BlueAlly, LLC*, No. 15-cv-37, 2017 WL 876266, at *4 (E.D.N.C. Mar. 3, 2017)). "'[C]ases in public policy spheres, such as employment practices, free speech, and other matters,' which often 'seek[] to vindicate vitally important personal and public values' and 'may have importance far beyond the monetary amount involved'" typically are considered to implicate "important" issues. *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment). Plaintiff's claim "implicates important property rights protected by the Copyright Act. The Constitution itself provides the authority to copyright in order 'to stimulate artistic creativity for the general public good.'" *Strike 3*, 2023 WL 1861077, at *4 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)); *see generally Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994). To properly protect its strong interest in its copyrighted work, Plaintiff must have the ability to identify the infringer. Thus, the issues at stake here are significant, and this factor thus weighs in favor of permitting early discovery.

For the same reasons, the factor concerning "the importance of discovery in resolving the issues" also weighs strongly in favor of permitting early discovery. In assessing this factor, courts evaluate "whether '[t]he issues at stake are at the very heart of [the] litigation.'" *Oxbow*, 322 F.R.D. at 8 (alterations in original) (quoting *Labrier v. State Farm Fire & Cas. Co.*, 314 F.R.D. 637, 643 (W.D. Mo. 2016)). As detailed above, Plaintiff cannot pursue its claims without first identifying Defendant, and a third-party subpoena represents the only viable path to doing so. *See Strike 3*, 964 F.3d at 1207 ("Such an order is 'the only potential avenue for discovery' in cases in which information from a third party is necessary to identify potential defendants." (quoting *AF Holdings*, 752 F.3d at 995)).

The parties' relative access to the information further weighs in favor of granting Plaintiff's motion. "In considering this factor, courts look for 'information asymmetry'—a circumstance in which one party has very little discoverable information while the other party has vast amounts of discoverable information." *EEOC v. George Washington Univ.*, No. 17-cv-1978, 2020 WL 3489478, at *5 (D.D.C. June 26, 2020) (some internal quotation marks omitted) (quoting *Oxbow*, 322 F.R.D. at 8). Other similar decisions of this court concerning litigation to which Plaintiff was also a party correctly assert that the "asymmetry here is extreme." *Strike 3*, 2024 WL 3638347, at *4; *see Strike 3*, 2023 WL 1861077, at *4 (same); *Strike 3*, 2023 WL 6847017, at *4 (same). Plaintiff possesses only Defendant's IP address, while the "ISP is the only entity that can correlate an IP address with which subscriber's account that it was assigned to at a given time, and the name and address of that subscriber." ECF No. 5 at 7; *see BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("Only the ISP can match the IP address to the subscriber's identity"). Given the stark information asymmetry present in this case, this factor weighs strongly in Plaintiff's favor.

The benefits of the proposed discovery far outweigh the potential burdens imposed on the ISP, and thus this factor also weighs strongly in favor of permitting early discovery. Plaintiff's Rule 45 subpoena is narrow in scope, demanding only the Defendant's true name and address. ECF No. 5 at 3. This limited request for factual information does not impose any credible burden on Defendant's ISP, while the benefits of discovery—that Plaintiff will potentially discover Defendant's true identity in order to properly pursue their claims through litigation—are clearly large. This factor thus weighs strongly in Plaintiff's favor.

The final factor—the amount in controversy—is challenging to analyze, as there is, at this stage, no clear figure to consider. Plaintiff seeks statutory damages for all 24 of the allegedly

8

infringed works under 17 U.S.C. § 504(a) and (c), plus reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505. ECF No. 3, ¶ 56(D)–(E). If Plaintiff is successful in recovering statutory damages for all 24 works, the potential amount in controversy could range widely from $18,000 (recovery of the statutory minimum ($750) for all 24 works) to $720,000 (recovery of the statutory maximum ($30,000) for all 24 works). 17 U.S.C. § 504(c). Regardless, however, of the potential magnitude of the amount in controversy, it appears that the cost of discovery to the ISP is negligible and insignificant in comparison with even the minimum amount in controversy in this case ($18,000). Thus, this factor weighs in Plaintiff's favor.

The proportionality factors all weigh in favor of granting Plaintiff's motion to serve a third-party subpoena prior to a Rule 26(f) conference. Given that the undersigned has also determined that Plaintiff's request for early discovery is relevant to Plaintiff's claims, the proposed discovery satisfies Rule 26(b)(1), and Plaintiff's motion will therefore be granted.

### B.    Protective Order

Plaintiff "respectfully encourages the Court to establish" procedural safeguards by issuing a protective order, "should the Court find it appropriate." ECF No. 5 at 10–11. The undersigned finds such procedural safeguards prudent, and thus finds that a protective order is warranted here.

In similar cases involving adult content, this Court and others have issued protective orders to establish procedural safeguards. *See e.g.*, *Strike 3*, 2024 WL 3638347, at *4–5; *Strike 3 Holdings, LLC v. Doe*, No. 17-cv-2347, 2018 WL 385418, at *2–3 (D.D.C. Jan. 11, 2018); *Malibu Media, LLC v. Doe*, No. 15-cv-3504, 2016 WL 4444799, at *2 (E.D.N.Y. Aug. 23, 2016). "The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." *Media Prods., Inc. v. Does 1–26*, No. 12-cv-3719, 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012). "Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a

son or daughter, houseguest, neighbor, or customer of a business offering an internet connection." *Id.* As such, "[t]here is a real risk that [a] defendant[] might be falsely identified and forced to defend themselves against unwarranted allegations" or that an "innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Id.* Without a protective order, "there is no reason to conclude that adequate protections exist to safeguard the individuals or entities subscribing to the implicated IP address[] against the danger of 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-cv-1855, 2015 WL 3605834, at *4 (E.D.N.Y. June 8, 2015) (quoting Fed. R. Civ. P. 26(c)).

As such, Plaintiff shall be allowed to serve early discovery by serving a Rule 45 subpoena on the identified ISP that seeks information sufficient to identify John Doe subscriber assigned IP address 73.134.241.237, which may include his or her name, address, telephone number, and email address. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of pursuing the claim set forth in its Complaint. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with the attached Notice when it serves its subpoena. The ISP shall then provide the Defendant with a copy of this Memorandum Opinion and the accompanying Order with the attached Notice at least ten (10) business days prior to releasing Defendant's identifying information to Plaintiff. If either the ISP or Defendant wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service. The ISP shall preserve any information sought in the subpoena pending the resolution of any timely filed motion to quash. On or before October 1, 2025, Plaintiff shall file a status report with the Court

briefly outlining its progress, including an expected completion date of the discovery allowed by the accompanying Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 4, is **GRANTED**.  An appropriate order accompanies this Memorandum Opinion.

Date:   August 1, 2025

                                                              G. MICHAEL HARVEY
                                                              United States Magistrate Judge